HAROLD C. MOIST, Appellee, *vs.* PAUL F. JONES, Director of Insurance, Appellant.

*Opinion filed March 16, 1943.*

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellant.

HINSHAW & CULBERTSON, (OSWELL G. TREADWAY, of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

Prior to the origin of the proceedings here involved, appellee was licensed as an insurance solicitor under the statute relating to the licensing of insurance agents, brokers and solicitors, approved January 21, 1936. (Ill. Rev. Stat. 1941, chap. 73, par. 587, *et seq.*) On November 10, 1941, his license as such solicitor was revoked by the Director, pursuant to section 13 of the act. (Ill. Rev. Stat. 1941, chap. 73, par. 599.) Thereafter, he filed his petition in this cause for the purpose of having the action of the Director, in revoking his license, reviewed, as provided in said section 13 of the act.

On March 23, 1942, on motion of the attorney for appellee, his petition was dismissed. On April 21, 1942, on motion of appellee, by his attorney, an order was entered

vacating the order of March 23, 1942, dismissing the petition. By the order of April 21, 1942, the cause was reinstated. It was set for trial for May 21, 1942. After the allowance of the motion setting aside the order of March 23, 1942, and on April 25, 1942, appellee filed a complete new petition in the cause. In this new petition it was alleged that the statute authorizing the Director of Insurance to revoke a license issued to an insurance solicitor was unconstitutional. The court below, however, in the final order entered, did not pass on the constitutional question. The case was decided on other grounds. The only question raised by the Attorney General is that appellee, on his own motion, having procured the entry of the order of March 23, 1942, dismissing the suit, the court was without jurisdiction to enter the order of April 21, 1942, setting aside the order of dismissal and reinstating the case on the docket of the court. This is the only question raised by the statement of errors in the brief of appellant.

The Attorney General, in his brief for appellant, with commendable frankness, states that while it was believed, at the time the appeal was perfected, that a constitutional question was involved, and that the direct appeal was perfected to this court for that reason, he is now of the opinion that no such question is involved, and that this court is without jurisdiction on direct appeal.

In view of the fact that no constitutional question was passed upon by the trial court, and that no constitutional questions are presented to this court, it is obvious that this court has no jurisdiction on direct appeal. The cause is, therefore, transferred to the Appellate Court for the First District.